# EXHIBIT B



| | | |
|---|---|---|
| WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN | FRANCIS J. BALINT, JR. |
| VAN BUNCH | ROBERT J. SPURLOCK | C. KEVIN DYKSTRA |
| ELAINE A. RYAN | ANDREW Q. EVERROAD | PATRICIA N. SYVERSON |
| KIMBERLY C. PAGE | CHRISTINA L. HANISCH | MANFRED P. MUECKE[1] |
| WILLIAM F. KING | T. BRENT JORDAN[2] | TY D. FRANKEL |
| CARRIE A. LALIBERTE | LISA T. HAUSER | DANIEL R. LEATHERS[3] |
| NADA DJORDJEVIC[4] | ANDREA M. WRIGHT | |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in Pennsylvania
[3] Admitted Only in New Jersey, New York and Pennsylvania
[4] Admitted Only in Illinois

August 31, 2018

**VIA CERTIFIED MAIL**
**(RECEIPT NO 7014 1200 0001 5814 2017)**

General Mills, Inc.
General Counsel
Number One General Mills Blvd,
Minneapolis, MN 55426

     Re:   *Natasha Paracha v. General Mills, Inc.*

Dear Sir or Madam:

     Our law firm together with Siprut PC represents Natasha Paracha and all other consumers similarly situated in an action against General Mills, Inc. ("General Mills" or "Defendant"), arising out of, *inter alia*, misrepresentations and material omissions by Defendant that lead reasonable consumers to believe that your Products[1] will foster their good health and not potentially harm their health.

     Ms. Paracha and others similarly situated purchased Defendant's Products unaware that the Products contained or likely contained glyphosate, a probable carcinogen. Because Defendant does not disclose this fact on its Product packages, the healthy attribute representations Defendant makes on its Product packages are misleading half-truths reasonably likely to deceive the public. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

     Defendant's misleading half-truths and material omissions are misleading and constitute unfair methods of competition and unlawful practices, undertaken by Defendant with the intent to induce the consuming public to purchase the Products. The misleading half-truths and material omissions do not assist consumers; they simply mislead them.

     Defendant's misleading half-truths and material omissions violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

---

[1] The products include Cheerios Toasted Whole Grain Oat Cereal, Nature Valley Granola Protein Oats n' Honey, Nature Valley Crunchy Granola Bars – Oat's n' Honey, and Lucky Charms.

2325 E. Camelback Road, #300   |   Phoenix, AZ 85016   |   TEL 602.274.1100   |   FAX 602.274.1199   |   www.bffb.com

August 31, 2018
Page 2

>   (5)   Representing that [the Products have] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.

>   \* \* \*

>   (7)   Representing that [the Products] are of a particular standard, quality, or grade . . . if they are of another.

California Civil Code §§ 1770(a)(5) and (7).

Defendant's misleading half-truths and material omissions also constitute violations of California Business and Professions Code §17200, *et seq.*

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that General Mills immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of misleading and deceptive information as described in the enclosed Complaint.  In addition, General Mills should offer a refund to all consumer purchasers of the Products plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, file a further amended Complaint as permitted by California Civil Code § 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received.  These damage claims also would include claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that General Mills address these violations immediately.

General Mills must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1.   Identify or make a reasonable attempt to identify purchasers of the Products;

2.   Notify all such purchasers so identified that upon their request, General Mills will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Products, plus interest, costs and fees;

3.   Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Product purchasers who so request; and

4.   Cease from representing to consumers that the Products provide the healthy

August 31, 2018
Page 3

attributes identified on the Product packages, without also disclosing that the Products contain or likely contain glyphosate, as more fully described in the enclosed Complaint.

    We await your response.

                        Very truly yours,

                        Patricia N. Syverson
                        For the Firm

PNS:td
Enclosures